UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM L. WHITE, JR.,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-739-HAB-SLC

RONALD NEAL, et al.,

    Defendants.

OPINION AND ORDER

William L. White, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. White is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. White is an inmate at Indiana State Prison (ISP). He claims that in March 2022, he committed a disciplinary infraction and was ordered to serve three months in disciplinary segregation. He claims that he was supposed to be released from

segregation on July 15, 2022, but was not. He began to file grievances and letters complaining about the fact that he was still in segregation and later went on a hunger strike "in attempt to be released off disciplinary segregation." He was removed from disciplinary segregation at the end of July 2022, but was then placed in administrative segregation, where he remained until November 2022. He believes that requiring him to serve additional time in segregation violated his rights under the Constitution and Indiana Department of Correction (IDOC) policies. Based on these events, he seeks monetary damages from ISP Warden Ronald Neal, IDOC Commissioner Robert Carter, Jr., and Case Manager Pamela Bane.

The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the prison's general population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when a transfer to segregation results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Inmates do not have a liberty interest in avoiding short-term transfer to segregation, even when they are subjected to harsher conditions as a result. *See Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009); *see also White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021) (long-term restrictions that

2

"substantially worsen the conditions of confinement" can trigger a due process liberty interest).

Here, Mr. White served a short-term period in disciplinary and administrative segregation totaling approximately six months. Even if he had been there longer, he does not describe any of the conditions in the segregation unit for the court to plausibly infer that his transfer substantially worsened the conditions of his confinement. He has not alleged a plausible due process claim under applicable case law. His allegation that prison officials violated IDOC policies by keeping him in segregation beyond his release date cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He appears to be claiming that his Eighth Amendment rights were also violated by the failure to release him on time. Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was

3

at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Farnham*, 394 F.3d at 478.

Mr. White does not describe any of the conditions in the segregation unit for the court to plausibly infer that he was denied the minimal civilized measure of life's necessities while he was housed there. The mere fact that the conditions were stricter than in general population does not, by itself, amount to an Eighth Amendment violation. *Meriwether v. Faulkner*, 821 F.2d 408, 416 (1987) ("[C]onditions are not unconstitutional simply because they are harsh and restrictive; such conditions are part of the penalty that criminal offenders pay for their offenses against society."); *see also James v. Clarke*, No. 08-C-1004, 2008 WL 5423979, at *2 (E.D. Wis. Dec. 30, 2008) (prisoner's "allegation that he was placed in segregation for forty days, by itself, is insufficient to state a claim under the Eighth Amendment"). He mentions experiencing depression while in the segregation unit, but he does not allege a lack of care or name any defendant responsible for his medical care. He also states that he went on a hunger strike, but it is apparent from his allegations that he did so by choice, and an inmate cannot be permitted to "engineer an Eighth Amendment violation." *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005). Furthermore, it is clear from his allegations that he received medical attention during the hunger strike.

Therefore, he has not stated a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes he can state a claim based on these events, consistent with the allegations he has already made under penalty of perjury.

*See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **October 16, 2023**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 18, 2023.

                                        s/Holly A. Brady
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT